JMH:SMS
F. #2023R00207

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*   OCTOBER 10, 2023   *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

CHARLES LIMMER,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **23-CR-405**
(T. 16, U.S.C., §§ 1540(e)(4), 3372(a)(1),
3372(a)(4), 3372(d)(1), 3373(d)(1)(B),
3373(d)(3)(A)(i), 3374 and 3374(a)(1);
T. 18, U.S.C., §§ 371, 545, 554,
981(a)(1)(C), 982(a)(2)(B), 982(b)(1),
2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**Judge LaShann DeArcy Hall**
**Magistrate Judge Ramon E. Reyes, Jr**

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendant and His Business

       1.    The defendant CHARLES LIMMER was a resident of Commack, New York, within the Eastern District of New York. LIMMER operated a commercial business (the "LIMMER BUSINESS") importing, exporting, buying and selling wildlife, including protected species of butterflies.

       2.    In or about 2016, the LIMMER BUSINESS obtained a license to import and export wildlife from the United States Fish & Wildlife Service (the "FWS"). The FWS suspended the LIMMER BUSINESS's import/export license effective on or about October 19, 2022.

       3.    From on or about October 19, 2022 to the present, the defendant CHARLES LIMMER did not have a valid license to import or export wildlife. Nevertheless, as

described below, during that period LIMMER engaged in a scheme to smuggle wildlife into and out of the United States.

II.     Federal Laws Relating to Trafficking in Wildlife

4.      The Convention on International Trade in Endangered Species of Wild Flora and Fauna ("CITES") was an international agreement among approximately 183 governments, including the United States, to protect fish, wildlife and plants that are, or may become, threatened with extinction. CITES established import and export restrictions to protect these species from overexploitation through international trade. The restrictions applied to live and dead wildlife specimens, as well as the skins, parts and products made in whole or in part from listed species.

5.      Under CITES, species were protected according to a classification system that included "Appendix I" and "Appendix II." Appendix I consisted of species threatened with extinction that were or may have been affected by trade. Appendix II consisted of species that were not yet threatened with extinction but could have become threatened if trade in the species was not regulated. International trade in species listed in these appendices was monitored and regulated by permits and quotas.

6.      The United States implemented CITES through the Endangered Species Act, Title 16, United States Code, Sections 1531 et seq. (the "ESA"). The ESA and its implementing regulations made it unlawful for anyone to engage in trade in any specimens contrary to CITES or to possess any specimens traded contrary to CITES. 16 U.S.C. § 1538(c)(1).

7.      Prior to entry into the United States, all shipments of CITES Appendix I wildlife were required to have a valid CITES import permit issued by the United States CITES Management Authority, and all shipments of CITES Appendix I or II wildlife were required to

have a valid export or re-export permit from the country of exportation. 50 C.F.R. § 23.20. International trade in a CITES-listed specimen without the required documentation was prohibited. 50 C.F.R § 23.13(a).

8. The ESA further provided that it was unlawful for any person to engage in business as an importer or exporter of wildlife without having first obtained permission to engage in such business, as set forth in Title 16, United States Code, Section 1538(d) and its accompanying regulations. Under Title 50 of the Code of Federal Regulations, individuals engaged in the business of importing and exporting wildlife were required to have a valid import/export license from the FWS prior to importing or exporting wildlife. 50 C.F.R. § 14.91.

9. The ESA further provided that it was unlawful for any person to import or export wildlife without filing any declarations deemed necessary to facilitate the enforcement of the ESA or to meet the obligations of CITES, as set forth in Title 16, United States Code, Section 1538(e) and its accompanying regulations. Under Title 50 of the Code of Federal Regulations, importers and their agents were required to declare any importation of wildlife into the United States on a Declaration for Importation or Exportation of Wildlife. 50 C.F.R. § 14.61. Importers and their agents were further required to obtain clearance from an officer of the FWS for any importation of wildlife, and to make all relevant shipping documents and permits, and the wildlife itself, available to an officer of the FWS. 50 C.F.R. § 14.52. Importers and their agents were further required to mark any importation of wildlife with an accurate list of each species' scientific name. 50 C.F.R. § 14.81.

10. The Lacey Act, Title 16, United States Code, Sections 3371 et seq., provided that it was unlawful to import, transport, sell, receive, acquire or purchase any wildlife taken, possessed, transported or sold in violation of any law, treaty or regulation of the United

States, as set forth in Title 16, United States Code, Section 3372(a)(1). The Lacey Act further provided that it was unlawful to make or submit any false record, account or label for, or any false identification of, any wildlife that has been or is intended to be (1) imported, exported, transported, sold, purchased or received from any foreign country; or (2) transported in interstate or foreign commerce, as set forth in Title 16, United States Code, Section 3372(d) and its accompanying regulations.

III. Birdwings

11. Butterflies under the genera *Ornithoptera*, *Trogonoptera* and *Troides*—commonly referred to as "birdwings" due to their exceptional size, angular wings and bird-like flight (collectively, "birdwings")—were protected under CITES Appendix II. Birdwings were some of the largest butterflies in the world and, due to their striking appearance, were popular among collectors of butterflies. A photograph of some examples of birdwings is included below:



IV.     The Smuggling Scheme

   12.     In or about and between October 2022 and September 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHARLES LIMMER, together with others, participated in a scheme to smuggle wildlife into and out of the United States. Specifically, LIMMER and others worked together to smuggle butterflies, including birdwings and other species protected under CITES, as well as other wildlife, into the United States for sale to individuals located both in the United States and abroad.

   13.     In furtherance of the scheme, the defendant CHARLES LIMMER and others created accounts on multiple online platforms that were used to sell the unlawfully imported wildlife to customers located both in the United States and abroad. When the customers were located abroad, LIMMER and others smuggled wildlife out of the United States.

   14.     During that period, the defendant CHARLES LIMMER did not have a valid license to import or export wildlife and did not submit CITES permits and documents authorizing the importation, exportation or re-exportation of birdwings.

   15.     Pursuant to this scheme, the defendant CHARLES LIMMER, together with others, imported and exported at least 59 unlawful shipments containing wildlife, with a value of at least $216,000.

COUNT ONE
(Conspiracy to Smuggle Goods into the United States)

   16.     The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

   17.     In or about and between October 2022 and September 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant CHARLES LIMMER, together with others, did knowingly and willfully conspire to import and bring into the United States merchandise, to wit: wildlife, including birdwings, contrary to Title 18, United States Code, Section 545.

18. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, LIMMER, together with others, did commit and cause the commission of, among other things, the following:

### OVERT ACTS

(a) On or about October 27, 2022, LIMMER sent an email to a co-conspirator whose identity is known to the Grand Jury ("CC-1"), directing CC-1 to conceal wildlife that CC-1 was smuggling to LIMMER in the United States by putting it "in a little box" with "no paperwork or mention of insect specimens" and by labeling the U.S. customs form associated with the shipment falsely as "Wall Decorations" or "Origami Paper Craft," and wrote, "Screw USFWS,….They are a gang of Orangutans."

(b) On or about April 18, 2023, LIMMER sent an email to another co-conspirator whose identity is known to the Grand Jury ("CC-2"), instructing CC-2 to falsely label shipments of wildlife as "decorative wall coverings" or "origami paper creations."

(c) On or about July 21, 2023, LIMMER received a parcel containing specimens of birdwings that were imported from Indonesia. The parcel was not declared to the FWS, no CITES permits or documents were obtained or filed as to the package, and the package was falsely described as containing a "fabric sample."

(d) On or about September 8, 2023, LIMMER received a parcel containing specimens of birdwings that were imported from the Solomon Islands. The parcel

7

was not declared to the FWS, no CITES permits or documents were obtained or filed as to the package, and the package was falsely described on the label as containing "art craft materials."

(e) On or about September 8, 2023, LIMMER listed for sale on Internet platforms two of the birdwings he had unlawfully imported and received in the package that day from the Solomon Islands for approximately $479.95.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Smuggling Goods into the United States)

19. The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

20. On or about September 8, 2023, within the Eastern District of New York and elsewhere, the defendant CHARLES LIMMER, together with others, did knowingly, intentionally and fraudulently import and bring into the United States merchandise, to wit: wildlife, contrary to Title 16, United States Code, Sections 1538(c)(1), 1538(d), 1538(e), 3372(d)(1) and 3372(d)(2) and their implementing regulations.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## COUNT THREE
(Smuggling Goods out of the United States)

21. The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

22. On or about April 19, 2023, within the Eastern District of New York and elsewhere, the defendant CHARLES LIMMER, together with others, did knowingly, intentionally and fraudulently export and send, and attempt to export and send, from the United States, merchandise, articles and objects, to wit: wildlife, contrary to United States laws and

regulations, to wit: Title 16, United States Code, Sections 1538(c)(1), 1538(d), 1538(e), 3372(d)(1) and 3372(d)(2) and their implementing regulations.

(Title 18, United States Code, Sections 554, 2 and 3551 et seq.)

## COUNT FOUR
(Smuggling Goods out of the United States)

23. The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

24. On or about June 2, 2023, within the Eastern District of New York and elsewhere, the defendant CHARLES LIMMER, together with others, did knowingly, intentionally and fraudulently export and send, and attempt to export and send, from the United States, merchandise, articles and objects, to wit: wildlife, contrary to United States laws and regulations, to wit: Title 16, United States Code, Sections 1538(d) and 1538(e) and their implementing regulations.

(Title 18, United States Code, Sections 554, 2 and 3551 et seq.)

## COUNT FIVE
(Lacey Act – False Labeling)

25. The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

26. On or about April 19, 2023, within the Eastern District of New York and elsewhere, the defendant CHARLES LIMMER, together with others, did knowingly and

intentionally make and submit false records, accounts and labels for, and false identification of, wildlife, to wit: birdwings, which was intended to be exported.

(Title 16, United States Code, Sections 3372(d)(1), 3373(d)(3)(A)(i) and 3374(a)(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Lacey Act – Trafficking)

27. The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

28. On or about September 8, 2023, within the Eastern District of New York and elsewhere, the defendant CHARLES LIMMER, together with others, did knowingly and intentionally sell, attempt to sell, offer to sell and intend to sell wildlife with a market value in excess of $350.00, to wit: birdwings, knowing that such wildlife was taken, possessed, transported and sold in violation of one or more laws, treaties and regulations of the United States, to wit: Title 16, United States Code, Sections 1538(c)(1), 1538(d) and 1538(e) and their implementing regulations, and Title 18, United States Code, Section 545.

(Title 16, United States Code, Sections 3372(a)(1), 3372(a)(4), 3373(d)(1)(B) and 3374(a)(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

29. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such offenses; (b) Title 18, United States Code, Section 545, which requires any person convicted of such offenses to forfeit any merchandise

introduced into the United States in violation of such offenses, or the value thereof; (c) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; (d) Title 16, United States Code, Section 1540(e)(4) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit all fish or wildlife or plants taken, possessed, sold, purchased, offered for sale or purchase, transported, delivered, received, carried, shipped, exported or imported in violation of such statutes; and/or (e) Title 16, United States Code, Section 3374 and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit all fish or wildlife or plants imported, exported, transported sold, received, acquired or purchased in violation of such statutes, including but not limited to:

(a) 200 dried white witch moths (*Thysania agrippina*) seized on or about April 5, 2023 in Miami, Florida;

(b) one butterfly (*Ornithoptera goliath procus*) seized on or about April 19, 2023 in New York, New York;

(c) one butterfly (*Ornithoptera goliath samson*) seized on or about April 19, 2023 in New York, New York;

(d) one butterfly (*Ornithoptera goliath*) seized on or about April 19, 2023 in New York, New York;

(e) 728 dried butterflies seized on or about April 25, 2023 in New York, New York;

  (f) 77 dried moths (*Acherontia sp.*) specimens seized on or about May 23, 2023 in New York, New York;

  (g) 70 dried Madagascan moon moths (*Argema mittrei*) specimens seized on or about May 23, 2023 in New York, New York;

  (h) five dried blue morpho butterflies (*Morpho didius tingomarien*) seized on or about June 2, 2023 in New York, New York;

  (i) two dried butterflies (*Ornithoptera sp.*) seized on or about July 19, 2023 in Honolulu, Hawaii;

  (j) 150 dried cicadas (*Becquartina electa*) seized on or about September 6, 2023 in New York, New York;

  (k) 75 dried cicadas (*Gaena cheni*) seized on or about September 6, 2023 in New York, New York;

  (l) 150 dried butterflies (*Stichophthalma louisa verso*) seized on or about September 6, 2023 in New York, New York; and

  (m) 160 dried hawkmoths (*Acherontia atropos*) seized on or about September 6, 2023 in New York, New York.

  30. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 16, United States Code, Sections 1540(e)(4) and 3374; Title 18, United States Code, Sections 545, 981(a)(1)(C), 982(a)(2)(B) and 982(b)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code 2461(c))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00207
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

CHARLES LIMMER,

Defendant.

**INDICTMENT**

(T. 16, U.S.C., §§ 1540(e)(4), 3372(a)(1), 3372(a)(4), 3372(d)(1), 3373(d)(1)(B), 3373(d)(3)(A)(i), 3374 and 3374(a)(1); T. 18, U.S.C., §§ 2, 371, 545, 554, 981(a)(1)(C), 982(a)(2)(B), 982(b)(1) and 3551 *et seq.*; T. 21, U.S.C., § 853(p); T. 28, U.S.C. § 2461(c))

*A true bill.*

_Mary Beth Glickman_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
*Clerk*

*Bail, $* _____

_____
*Sean M. Sherman, Assistant U.S. Attorney (718) 254-6262*